JENNER & BLOCK LLP
Richard L. Stone (SBN 110022)
rstone@jenner.com
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone: 213 239-5100
Facsimile: 213 239-5199

Attorneys for Plaintiffs Fox
Television Stations, Inc., Twentieth
Century Fox Film Corp., and Fox
Broadcasting Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FOX TELEVISION STATIONS, INC., TWENTIETH CENTURY FOX FILM CORP., and FOX BROADCASTING COMPANY,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>FILMON X, LLC, FILMON.TV, INC., FILMON.TV NETWORKS, INC., FILMON.COM, INC., ALKIVIADES DAVID, and JOHN DOES 1-3, inclusive,<br><br>　　　　Defendants.<br><br>NBCUNIVERSAL MEDIA, LLC, et al.<br><br>　　　　Plaintiffs,<br><br>v.<br><br>FILMON X LLC, et al.,<br><br>　　　　Defendants. | Case No.: CV 12-6921-GW(JCx) (consolidated with Case No. **CV 12-6950-GW(JCx)**)<br><br>Hon. George H. Wu<br><br>**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Pursuant to the Settlement Agreement reached between Plaintiffs and Defendants, the foregoing stipulation of the Parties, and for good cause shown, the Court hereby enters the following Stipulated Consent Judgment and Permanent Injunction:

**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION**

1. Defendants, its affiliated companies, and all of its officers, directors, agents, servants, and employees, and all natural and corporate persons in active concert or participation or in privity with any of them (collectively, the "Enjoined Persons") ARE HEREBY PERMANENTLY RESTRAINED AND ENJOINED from streaming, transmitting, retransmitting, or otherwise publicly performing, displaying, or distributing without Authorization any Copyrighted Programming over the Internet (through websites such as filmon.com or filmonx.com), via web applications (available through platforms such as the Windows App Store, Apple's App Store, the Amazon App Store, Facebook, or Google Play), via portable devices (such as through application on devices such as iPhones, iPads, Android devices, smart phones, or tablets), or by means of any device or process, and from otherwise infringing, by any means, directly or indirectly, any of Plaintiffs' exclusive rights under Section 106 of the Copyright Act with respect to Copyrighted Programming. "Authorization" means and requires a written license from the copyright holder.

2. "Copyrighted Programming" shall mean each of those television programming works, or portions thereof, whether now in existence or later created, including but not limited to original programming, motion pictures and newscasts, in which the Plaintiffs, or any of them, (or any parent, subsidiary, or affiliate of any of the Plaintiffs) owns or controls an exclusive right under the United States Copyright Act, 17 U.S.C. §§ 101, et seq.

3. Violation of this Stipulated Consent Judgment and Permanent

Injunction shall expose Defendants and all other persons bound by this Stipulated Consent Judgment and Permanent Injunction to all applicable penalties, including contempt of Court.

4. All claims and defenses in this action are hereby resolved by this Stipulated Consent Judgment and Permanent Injunction.

5. This Court shall retain continuing jurisdiction over the Parties and the action for purposes of construction, modification, and enforcement of this Stipulated Consent Judgment and Permanent Injunction and/or enforcing the Parties' Settlement Agreement.

6. All parties are to bear their own costs.

IT IS SO ORDERED.

SIGNED at Los Angeles, California, this 24th day of May, 2017.

_____
The Honorable George H. Wu
United States District Judge

3

[PROPOSED] STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION

2566579.1